UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

WILLIAM CLAY,

      Plaintiff,

v.                                   CIVIL ACTION NO. 5:26-cv-00239

ELGIN POWER SOLUTIONS, INC.
*d/b/a* MINING CONTROLS, LLC,

      Defendant.

**MEMORANDUM OPINON AND ORDER**

Pending is Defendant Elgin Power Solution's ("EPS") Unopposed Motion to Set Aside Entry of Default and for Leave to Answer the Complaint [ECF 10], filed June 5, 2026.

**I.**

On May 14, 2026, Plaintiff William Clay moved the Clerk for entry of default, contending EPS failed to file a responsive pleading after accepting service of the Summons and Complaint on April 2, 2026. [ECF 5]. On June 1, 2026, the Clerk entered default as requested. [ECF 6].

EPS now seeks to set aside default inasmuch as its "management mistakenly believed that the matter was not urgent in light of the recent dismissal of [Mr. Clay's] claims by the [Equal Employment Opportunity Commission ("EEOC")]," when management received the Summons and Complaint from its registered agent on May 4, 2026. [ECF 11 at 2]. On June 4, 2026, after the Clerk's entry of default -- and upon further review of the Complaint -- EPS asserts it immediately contacted and retained counsel. [*Id.*] EPS' counsel subsequently contacted Mr.

Clay's counsel, who informed Mr. Clay would not oppose EPS' request to set aside default. [*Id*.]. EPS thus contends good cause exists for the set aside given its prompt action, its dispute of the allegations contained in the Complaint, and the lack of prejudice to Mr. Clay. [*Id*. at 4-5].

## II.

*Federal Rule of Civil Procedure* 55(c) pertinently provides "[t]he court may set aside entry of default for good cause[.]" The inquiry hinges on "whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic." *Colleton Preparatory Academy, Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010) (internal citations omitted). Moreover, the United States Court of Appeals for the Fourth Circuit has "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." *Id.*

Upon review, EPS (1) has proffered facts supporting a meritorious defense, (2) acted within reasonable promptness, (3) appears to bear minimal, if any, responsibility for the entry of default, and (4) lacks a history of any dilatory action. Additionally, the parties agree there is no prejudice to Mr. Clay resulting from the proposed set aside. The Court likewise detects none.

## III.

Accordingly, for good cause shown, EPS' Motion to Set Aside Default [**ECF 10**] is **GRANTED**. It is **ORDERED** that EPS answer or otherwise respond to the Complaint on or before **July 6, 2026**.[1]

---

[1] Considering the Court's ruling, Mr. Clay's Motion for Default Judgment [**ECF 7**] is **DENIED AS MOOT**.

2

3

The Clerk is directed to send a copy of this written opinion and order to counsel of record and to any unrepresented party.

ENTER:  June 26, 2026

Frank W. Volk
Chief United States District Judge

3